United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
                                 )  Case No. 12-3238 SC
                                 )
TED F. HARVEY,                   )  ORDER GRANTING IN PART AND
                                 )  DENYING IN PART DEFENDANT'S
          Plaintiff,             )  MOTION TO DISMISS
     v.                          )
                                 )
BANK OF AMERICA, N.A., and DOES  )
1 through 50, inclusive,         )
                                 )
          Defendants.            )
_____)
```

## I.   **INTRODUCTION**

Now before the Court is Defendant Bank of America, N.A.'s ("Defendant") motion to dismiss Plaintiff Ted F. Harvey's ("Plaintiff") Second Amended Complaint ("SAC").  ECF No. 27 ("MTD"); ECF No. 26 ("SAC").  The motion is fully briefed, ECF Nos. 29 ("Opp'n"), 30 ("Reply"),[1] and appropriate for determination without oral argument, Civ. L.R. 7-1(b).  For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

_____

[1] Defendant submitted a request for judicial notice in support of its motion to dismiss.  ECF No. 28 ("RJN").  Plaintiff does not oppose the request and the documents contained in the RJN are public records.  The Court GRANTS Defendant's request and takes judicial notice of the documents.

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

The Court has already given a factual overview of this matter in its Order dismissing in part Plaintiff's First Amended Complaint ("FAC"), Harvey v. Bank of America, N.A., -- F.Supp.2d --, 2012 U.S. Dist. LEXIS 154319, 2012 WL 5337425 (N.D. Cal. Oct. 26, 2012) (hereinafter "Order Dismissing FAC").  A brief summary of the this case's posture follows.

Plaintiff filed his first complaint in this case on June 22, 2012.  ECF No. 1.  Defendant moved to dismiss the complaint, ECF No. 9, but Plaintiff mooted that motion by filing the FAC on July 31, 2012, ECF No. 12.  Defendant responded with motions to dismiss and to strike on August 7, 2012.  ECF Nos. 14 ("MTS"), 15 ("MTD").  The Court granted in part and denied in part Defendant's motion to dismiss, giving Plaintiff leave to amend, and denied Defendant's motion to strike.  Order Dismissing FAC at **11-12.  Plaintiff filed the SAC on November 11, 2012, asserting eight claims against Defendant: (1) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq.; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of contract; (4) promissory estoppel; (5) wrongful foreclosure under Cal. Civ. Code § 2924 et seq.; (6) intentional misrepresentation by promissory fraud; (8) negligent misrepresentation; and (9) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.  Defendant moved to dismiss the SAC on December 5, 2012.

///

///

///

**United States District Court**
For the Northern District of California

1    **III.  LEGAL STANDARD**

2        **A.   Motions to Dismiss**

3        A motion to dismiss under Federal Rule of Civil Procedure

4    12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

5    Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

6    on the lack of a cognizable legal theory or the absence of

7    sufficient facts alleged under a cognizable legal theory."

8    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

9    1988).  "When there are well-pleaded factual allegations, a court

10   should assume their veracity and then determine whether they

11   plausibly give rise to an entitlement to relief." Ashcroft v.

12   Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

13   must accept as true all of the allegations contained in a complaint

14   is inapplicable to legal conclusions.  Threadbare recitals of the

15   elements of a cause of action, supported by mere conclusory

16   statements, do not suffice." Id. at 663 (citing Bell Atl. Corp. v.

17   Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

18   complaint must be both "sufficiently detailed to give fair notice

19   to the opposing party of the nature of the claim so that the party

20   may effectively defend against it" and "sufficiently plausible"

21   such that "it is not unfair to require the opposing party to be

22   subjected to the expense of discovery." Starr v. Baca, 633 F.3d

23   1191, 1204 (9th Cir. 2011).

24       In addition to these general pleading standards, a heightened

25   standard applies to claims sounding in fraud.  See Fed. R. Civ. P.

26   9(b).  "To satisfy Rule 9(b), a pleading must identify 'the who,

27   what, when, where, and how of the misconduct charged,' as well as

28   'what is false or misleading about [the purportedly fraudulent]

1  statement, and why it is false.'"  United States ex rel Cafasso v.

2  Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

3

4  **IV.   DISCUSSION**

5       Defendant's only compelling argument that Plaintiff's SAC

6  should be dismissed is that Plaintiff's claims fail individually.[2]

7       **A.   Claim 1: ECOA**

8       Congress passed ECOA to prevent discrimination by creditors

9  against certain classes of credit applicants:

> It shall be unlawful for any creditor to
> discriminate against any applicant, with
> respect to any aspect of a credit transaction--
> (1) on the basis of race, color, religion,
> national origin, sex or marital status, or age
> (provided the applicant has the capacity to
> contract); (2) because all or part of the
> applicant's income derives from any public
> assistance program; or (3) because the
> applicant has in good faith exercised any right
> under this chapter.

16  15 U.S.C. § 1691(a).  Plaintiff seeks relief under a provision of

17  ECOA, 15 U.S.C. § 1691(d)(1), that requires creditors to notify

18  applicants of the outcome of their credit applications within

19  thirty days of the application.  SAC ¶¶ 37-41 (alleging delay of

20  several months).

21       Though the Ninth Circuit has yet to articulate the elements of

22  an ECOA claim, numerous district courts in this circuit have held

23

---

24  [2] Defendant also argues that Plaintiff's claims should be dismissed
25  because (1) Plaintiff failed to allege tender, (2) Plaintiff's SAC
    fails to meet the plausibility standards of Rule 8, and (3) the
26  public record establishes Defendant's right to foreclose.  See MTD
    3-5.  However, as the Court stated in its previous Order, (1)
27  Defendant's arguments about tender are misplaced because Plaintiff
    did not specifically challenge Defendant's right to foreclose, (2)
    Plaintiff's SAC met Rule 8's pleading standards, and (3)
28  Defendant's argument about the public record establishing its right
    to foreclose is circular.  See Order Dismissing FAC at *3-4 & n.3.

United States District Court
For the Northern District of California

4

that, to state a claim under ECOA, a plaintiff must allege that: "(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified." See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) (citing Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004)).

The Court dismissed Plaintiff's FAC's ECOA claim with leave to amend, because Plaintiff did not adequately plead that he was a member of an ECOA-protected class or that the HAMP application for a loan modification was an application for "credit" per ECOA. Order Dismissing FAC at *5. In the SAC, Plaintiff provides only a formulaic recitation that he is a member of an ECOA-protected class and that he was an "applicant for credit" per ECOA's terms. SAC ¶¶ 35-36. Plaintiff's ECOA claim therefore fails again. Twombly, 550 U.S. at 558 ("formulaic recitations" of a cause of actions elements are insufficient to overcome motions to dismiss). The Court DISMISSES Plaintiff's ECOA claim with prejudice.

**B. Claim 2: Implied Covenant of Good Faith and Fair Dealing**

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349 (Cal. 2000). The covenant thus prevents a contracting party from taking an action that, although technically not a breach, frustrates the other party's right to the benefit of the contract. Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (Cal. Ct. App. 1990). The covenant "cannot impose

United States District Court
For the Northern District of California

5

substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Guz, 24 Cal. 4th at 349-50. The elements of a claim for breach of the covenant of good faith and fair dealing are:

> (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.

Woods v. Google, Inc., -- F. Supp. 2d --, 2012 WL 3673319, at *8 (N.D. Cal. 2012) (citing Judicial Counsel of California Civil Jury Instructions § 325 (2011)).

The Court dismissed Plaintiff's FAC with leave to amend because Plaintiff did not specify a breach arising from a specific provision of the Deed of Trust ("DOT") or the underlying promissory note. Order Dismissing FAC at *7. Rather, Plaintiff had alleged breaches of promises independent from the ones contained in the DOT and note. FAC ¶ 44 (basis of implied covenant claim was in Defendant's oral promises, not the written contracts). Such promises cannot sustain a claim for a breach of the covenant implied in the DOT and note. Plastino v. Wells Fargo Bank, 873 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2011).

In the SAC, Plaintiff now points specifically to Section 1 of the DOT, which provides that "[b]orrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges under the Note." SAC ¶ 46. Plaintiff alleges that implicit in this term is Defendant's

6

United States District Court**
For the Northern District of California

obligation not to hinder Plaintiff's performance or prevent his
ability to make payments.  Id.  Plaintiff alleges that Defendant
hindered Plaintiff's ability to make payments under the contract by
advising Plaintiff not to make payments in order to apply for a
loan modification and by promising Plaintiff that it would not
report him late or foreclose on his property while his loan
modification application was under review.  Id. ¶ 48.  Defendant
argues that Plaintiff's claims must fail because the DOT does not
contain language regarding hindrance of performance, and that
breach of the implied covenant claims cannot be premised on
contract duties -- like the duty to modify loan agreements -- that
do not exist as a matter of law.  MTD at 9-10.

Defendant's arguments are unavailing, because all contracts
contain an implied covenant not to hinder the other party's
performance, Tanner v. Title Ins. & Trust Co., 20 Cal. 2d 814, 825
(Cal. 1942), and Plaintiff has not claimed that his argument is
based on any duty that does not exist as a matter of law.
Plaintiff argued that Defendant hindered his ability to make
payments under the portion of the DOT that required him to do so.
Plaintiff has sufficiently stated a claim for breach of an implied
covenant because he now points to a specific portion of the DOT
that obliged him to pay his debt to Defendant, and has also alleged
that Defendant's bad faith dealings with him frustrated his payment
of that debt.  Defendant's motion to dismiss Plaintiff's breach of
the implied covenant claim is DENIED.

**C.  Claim 3: Breach of Contract**

"To state a cause of action for breach of contract, a party
must plead [1] the existence of a contract, [2] his or her

7

**United States District Court**
For the Northern District of California

1    performance of the contract or excuse for nonperformance, [3] the

2    defendant's breach, and [4] resulting damage." <u>Mora v. U.S. Bank,</u>

3    <u>N.A.</u>, No. 11-6598 SC, 2012 WL 2061629, *6 (N.D. Cal. June 7, 2012)

4    (citing <u>Harris v. Rudin, Richman & Appel</u>, 74 Cal. App. 4th 299, 307

5    (Cal. Ct. App. 1999)).  Additionally, if the plaintiff alleges the

6    existence of a contract, the plaintiff may set forth the contract

7    verbatim, attach it as an exhibit, or plead it according to its

8    legal effect.  <u>See</u> <u>Lyons v. Bank of America, N.A.</u>, No. 11-01232 CW,

9    2011 WL 3607608, at *2 (N.D. Cal. Aug. 15, 2011).

10       Plaintiff alleges essentially that Defendant could foreclose

11   on the loan agreement and seek to recover late payments only if

12   Plaintiff was in default on his loan payments, and that Defendant

13   breached the agreement by foreclosing and seeking late fees when

14   the loan was not in default.  SAC ¶¶ 59-64.  The Court finds that

15   Plaintiff has failed to plead a breach by Defendant, because

16   Plaintiff has still not pointed to provisions of the DOT that

17   Defendant actually breached.  Plaintiff's breach of contract claim

18   is DISMISSED with prejudice.

19       **D.   Claim 4: Promissory Estoppel**

20       The Court left Plaintiff's claim for promissory estoppel

21   undisturbed in its previous Order, denying Defendant's motion to

22   dismiss it.  Order Dismissing FAC at *9.  Plaintiff did not alter

23   his promissory estoppel claim in the SAC.  SAC ¶¶ 65-69.  Defendant

24   has failed to enunciate any compelling reasons for the Court to

25   revisit its prior decision.  Defendant's motion to dismiss

26   Plaintiff's promissory estoppel claim is therefore DENIED.

27       **E.   Claim 5: Wrongful Foreclosure**

28       The Court initially dismissed Plaintiff's claim that the

1   foreclosure proceedings instituted by Defendant violated

2   California's non-judicial disclosure scheme in California Civil

3   Code sections 2924 et seq., because Plaintiff did not allege

4   specific conduct that violated the law or identify which sections

5   of the law Defendant allegedly violated.  Order Dismissing FAC at

6   *9.  Plaintiff now pleads that he was excused from performance

7   under his loan agreements because Defendant instructed him not to

8   make payments, thereby rendering Plaintiff not in "breach of the

9   obligation for which the mortgage or transfer in trust is

10  security."  SAC ¶ 75.  Plaintiff avers that this excuse rendered

11  institution of foreclosure and Defendant's recordation of a Notice

12  of Default improper under the statute.  Id.  ¶¶ 75-76.  Defendant

13  argues that Plaintiff lacks standing to bring such a claim because

14  he failed to satisfy the tender requirement, and in any event,

15  California Civil Code section 2924 contains no private right of

16  action.  MTD at 18-19.

17      The Court has already discussed why Defendant's argument about

18  tender fails.  See Order Dismissing FAC, supra, at *4.  However,

19  the Court finds Plaintiff's claims here are in error for other

20  reasons.  California Civil Code section 2924 relates to the notice

21  a mortgagee must provide when initiating a foreclosure action, but

22  Plaintiff is not disputing the sufficiency of notice provided.  SAC

23  ¶ 75.  Further, while Plaintiff is correct that this Court and

24  others have found an implied private right of action in parts of

25  California's non-judicial foreclosure laws, the only remedy of such

26  an implied right is the postponement of a foreclosure sale.  See,

27  e.g., Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 887

28  (N.D. Cal. 2011).  Plaintiff has not asked for this, praying

1    instead for damages and attorneys' fees.  SAC ¶¶ 77-78.

2        The Court DISMISSES Plaintiff's wrongful foreclosure claim

3    with leave to amend, if Plaintiff has grounds to pray for the

4    postponement of an impending foreclosure sale.

5        **F.    Claim 6 & 7: Intentional Misrepresentation by Promissory**

6             **Fraud & Negligent Misrepresentation**

7        Plaintiff's intentional misrepresentation claim proceeds on an

8    estoppel theory, that is, the theory that Defendant made a promise

9    that it never intended to honor.  See SAC ¶¶ 79-83.  The elements

10   of an estoppel claim are: "(1) a representation of material fact by

11   defendant, (2) with knowledge, actual or virtual, of the true

12   facts, (3) to a party actually or permissively ignorant of the

13   truth, (4) with the intention, actual or virtual, that the other

14   party act upon it, and (5) the other party was induced to act."

15   Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co., 118 F. Supp.

16   2d 1002, 1012 (C.D. Cal. 2000) (citing San Diego Mun. Credit Union

17   v. Smith, 176 Cal. App. 3d 919, 923 (Cal. Ct. App. 1986)).  The

18   elements of a negligent misrepresentation cause of action differ

19   only with respect to the requisite state of mind.  Id.; JMP Sec.

20   LLP v. Altair Nanotechnologies Inc., 880 F.Supp.2d 1029, 1042 (N.D.

21   Cal. 2012).  Here, Plaintiff's negligent misrepresentation claim

22   relies on allegations identical to those supporting his intentional

23   misrepresentation claim.  Compare SAC ¶¶ 79-83 with id. ¶¶ 85-88.

24   Because these claims sound in fraud, Plaintiff must plead the

25   circumstances of the purported fraud with particularity, though he

26   may allege intent generally.  Fed. R. Civ. P. 9(b).

27       Plaintiff pled the same claims for intentional and negligent

28   misrepresentation in the FAC.  See FAC ¶¶ 79-87.  The Court

United States District Court
For the Northern District of California

dismissed those claims as insufficiently pled, because Plaintiff did not clearly and consistently allege the content of the allegedly fraudulent promise or specify the instances when it occurred or why it was false.  Order Dismissing FAC at *9.  While Plaintiff originally pled only "the thrust of what was said and in what month it was said," id., Plaintiff now identifies roughly the date of the statements, SAC ¶ 82 ("in or around March 20, 2009"), and the name of the person who made them, id. ("[Defendant's] representative Michael Z. Hollander").  As to intent, Plaintiff has pled somewhat general claims about Defendant's state of mind, see id. ¶¶ 82-83, 88-89, but that suffices under Rule 9(b).

Plaintiff has stated plausible claims for intentional and negligent misrepresentation.  Defendant's motion as to these claims is DENIED.

**G.   Claim 8: UCL**

The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act."  Cal. Bus. & Prof. Code § 17200.  "Because [section 17200] is written in the disjunctive, it establishes three varieties of unfair competition-- acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007).  Plaintiffs can plead a UCL violation under the "unlawfulness" prong by pleading that a business practice violated a predicate federal, state, or local law.  See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (citing State Farm Fire & Cas. Co. v. Superior Court, 45 Cal. App. 4th 1093, 1103 (Cal. Ct. App. 1996)).  California courts and the legislature have not specified which of several possible

1  "unfairness" standards is the proper one, but this Court recently

2  found that the California Supreme Court would likely adopt the

3  approach to unfairness provided in Camacho v. Automobile Club of

4  Southern California, 142 Cal. App. 4th 1394, 1402 (Cal. Ct. App.

5  2006), which incorporated the three factors constituting unfairness

6  under the Federal Trade Commission Act: "(1) the injury must be

7  substantial; (2) the injury must not be outweighed by any

8  countervailing benefits to consumers or competition; and (3) the

9  injury must be one that the consumer could not reasonably have

10 avoided." Lyons, 2011 WL 3607608, at *10 (citing Camacho, 12 Cal.

11 App. 4th at 1402).  Finally, violations of the UCL's "fraudulent"

12 prong require plaintiffs to plead that a defendant's allegedly

13 fraudulent business practice is one "in which members of the public

14 are likely to be deceived." Id. at *11 (citing Morgan v. AT&T

15 Wireless Servs., Inc., 177 Cal. App. 4th 1235, 1254 (Cal. Ct. App.

16 2009)).

17      Plaintiff's FAC did not clearly plead a cognizable legal

18 theory on which to base his UCL claim, primarily because Plaintiff

19 confusingly mixed two different, analytically distinct theories of

20 recovery under the UCL: the "borrowing" theory and the "tethering"

21 theory.  Order Dismissing FAC, supra, at *11.  Moreover, Plaintiff

22 did not specify the UCL prong or prongs on which he was basing his

23 claims.  Id.  Now Plaintiff appears to have based his claim solidly

24 on the "unlawful" prong of the UCL, which "borrows" from violations

25 of other laws.  See SAC ¶ 94.

26      "The UCL's 'unlawful' prong is essentially an incorporate-by-

27 reference provision." Martinez v. Wells Fargo Home Mortg., Inc.,

28 598 F.3d 549, 557 (9th Cir. 2010) (citing Cel-Tech, 20 Cal. 4th at

United States District Court
For the Northern District of California

180.)  "By proscribing 'any unlawful' business practice, section
17200 borrows violations of other laws and treats them as unlawful
practices that the [UCL] makes independently actionable."
(citations and some internal quotation marks omitted)).  Cel-Tech,
20 Cal. 4th at 180.  "It does not matter whether the underlying
statute also provides for a private cause of action; section 17200
can form the basis for a private cause of action even if the
predicate statute does not."  Chabner v. United of Omaha Life Ins.
Co., 225 F.3d 1042, 1048 (9th Cir. 2000) (citations omitted).

Plaintiff alleges that because the UCL borrows violations of
other laws and treats them as unlawful competition, Defendant
violated the UCL under the following theories: (1) violation of
ECOA; (2) breach of the covenant of good faith and fair dealing;
(3) breach of contract; (4) promissory estoppel; (5) violations of
California Civil Code section 2924 et seq., California's non-
judicial foreclosure laws; and (6) intentional and negligent
misrepresentation.

Of these alleged bases for Defendant's violation of the UCL,
two are statutory and the rest are common law claims.  The Court
has already found that Plaintiff did not plead violations of the
two statutory provisions he cites.  Common law violations such as
breach of contract are insufficient to show violations of the UCL's
unlawfulness prong.  Shroyer v. New Cingular Wireless Servs., Inc.,
622 F.3d 1035, 1044 (9th Cir. 2010); Lyons, 2011 WL 3607608, at
*11.  In some cases, courts have found that a breach of contract
can be the basis of a UCL unlawful business practices claim if it
was part of a systemic pattern and practice of breaching certain
types of contract, see Lyons, 2011 WL 3607608, at *11, but

13

Plaintiff has not pled that, nor has he sufficiently pled a breach of contract at all.  Because Plaintiff's statutory claims failed, and his other claims allege only violations of common law, Plaintiff's UCL claims also fail.

However, allowing Plaintiff to amend his UCL claims would not be inequitable or futile in this case.  Plaintiff has leave to amend his UCL claims to plead violations of the unfairness or fraudulent prongs.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

V.   <u>CONCLUSION</u>

As explained above, the Court GRANTS IN PART and DENIES IN PART Defendant Bank of America N.A.'s motion to dismiss Plaintiff Ted F. Harvey's amended complaint.  The Court orders as follows:

- Claim 1 (ECOA) is DISMISSED WITH PREJUDICE.
- Claim 2 (Implied Covenant of Good Faith and Fair Dealing) is undisturbed.
- Claim 3 (Breach of Contract) is DISMISSED WITH PREJUDICE.
- Claim 4 (Promissory Estoppel) remains undisturbed.
- Claim 5 (Wrongful Foreclosure) is DISMISSED with leave to amend.
- Claim 6 (Intentional Misrepresentation) is undisturbed.
- Claim 7 (Negligent Misrepresentation) is undisturbed.
- Claim 8 (UCL) is DISMISSED with leave to amend.

IT IS SO ORDERED.

Dated: February 20, 2013

_____
UNITED STATES DISTRICT JUDGE